[Civ. No. 1863. Second Appellate District.—May 26, 1917.]

GEORGE J. BIRKEL COMPANY (a Corporation), Respondent, v. CARRIE A. LOVELL et al., Appellants.

CONDITIONAL SALE—EXECUTION OF CONTRACT—FRAUD—PLEADING—ANSWER—INSUFFICIENT STATEMENT.—In an action to obtain judgment for the unpaid balance due upon a written contract of conditional sale of a piano, the answer is insufficient as a statement of a defense grounded upon fraud, where it is alleged that the contract was signed under "false and fraudulent representations," that its execution was a mere matter of form, but no denial made that it was seen and read over before its execution.

ID.—EVIDENCE—ORAL NEGOTIATIONS—WHEN INADMISSIBLE.—Where no mistake or imperfection in a writing is put in issue by the pleadings, and there is no ambiguity in the writing, or question of construction or interpretation of its terms involved, parol evidence of the oral negotiations which preceded the signing are inadmissible.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Davis & Rush, and John S. Cooper, for Appellants.

E. S. Williams, for Respondent.

CONREY, P. J.—Appeal by the defendants from the judgment and from an order denying their motion for a new trial.

The action is one wherein the plaintiff sued to obtain judgment for the unpaid balance due upon a written contract whereby the plaintiff made a conditional sale of a piano to the defendant Carrie A. Lovell. In the contract it was provided that if the vendee should fail to pay any installment when due, thereupon, at the option of the vendor, all of the contract price then unpaid should become immediately due and payable. Such default did occur, and the vendor exercised said option and commenced this action. By their answer the defendants denied that the defendant Carrie A. Lovell at the time mentioned executed or delivered to the plaintiff her contract in writing, a copy of which is attached to the complaint. This denial was followed by the allegation of facts concerning the oral negotiations which preceded the signing of the written contract. These facts are of such a nature that they could not be proved without contradicting the terms of the writing. The answer alleged "that pursuant to these conditions, and no other, the defendant Carrie A. Lovell agreed to take the piano, and that at the time she took the said piano she signed an agreement under false and fraudulent representations to her that it was a mere matter of form to sign and execute a contract, and that upon the further promises and representations to her that she would in no way be bound under said contract," etc.

At the trial Mrs. Lovell admitted that she signed the contract, and did not deny that she had seen and read it over before signing. In her answer to the complaint she did not allege any facts showing that she did not read the contract before signing, or that in signing it she relied upon any representations made to her that the writing was in terms other than those which are actually expressed therein. Although

the answer characterizes the statements of the plaintiff as "false and fraudulent representations," the facts set forth concerning those representations do not constitute a defense. For all of her assertions that "a course of cunning, deceit, and fraud" was pursued by the plaintiff, are qualified by the admission that she voluntarily signed a written contract with knowledge of the terms therein plainly and distinctly stated.

Appellants have presented many specifications of error in rulings whereby the court excluded testimony offered by them. By many of these rulings the court sustained objections to questions asked on cross-examination of the witness Geissler, who made the sale on behalf of the plaintiff to Mrs. Lovell. The subject matter of these questions was outside the scope of the testimony of the witness on direct examination. In asking such questions counsel for appellants were attempting to present their affirmative defense prematurely.

The only witnesses on behalf of the defendants were Mrs. Lovell herself and the witness Geissler. Many questions were asked of these witnesses which were of a character similar to those before mentioned, and these questions also were excluded by the court principally upon the ground that they were offered for the purpose of proving negotiations which preceded the written contract, and for the purpose of attempting to change, vary, or alter the terms of such written contract by parol evidence. These were correct rulings. Section 1856 of the Code of Civil Procedure specifies the instances in which a court may receive evidence of the terms of an agreement other than the contents of the writing when the terms of such agreement have been reduced to writing. The evidence offered by the defendants did not come within the provisions of that section. No mistake or imperfection of the writing was put in issue by the pleadings. There was no ambiguity in the terms of the writing. No question of construction or interpretation of the terms of the writing was involved in the case. (See, also, sec. 1625, Civ. Code.) The validity of the agreement as made was not a fact in dispute, except to the extent that the answer may be considered as an attempt to establish illegality in the contract or fraud in the obtaining thereof. And for the reasons already stated, the answer was insufficient as a statement of a defense grounded upon fraud.

The judgment and order are affirmed.

James, J., and Works, J., *pro tem.*, concurred.